**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09 CR 29-6**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MARCUS CODY WALDROUP, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#129) filed in the above entitled cause on June 9, 2010 by the United States Probation Office. In the violation report the United States Probation Office alleges the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Robert Carlin, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in paragraphs 1 and 2 of the violation report that had been filed on June 9, 2010. The government dismissed the allegation contained

in paragraph 3 of the violation report. The government introduced, without objection, the violation report into evidence.

The defendant was charged in a bill of indictment filed on October 7, 2009 with one count of conspiring to possess with intent to distribute a controlled substance, that being marijuana in violation of 21 U.S.C. § 841(a)(1) & 846. It was alleged in the bill of indictment the offense involved at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana. On October 16, 2009 a hearing was held in regard to detention of the defendant. On that date the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which including the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(i) Have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.

(8)(x) If the defendant has one positive drug test that the defendant be brought back before the court.

On June 9, 2010, defendant admitted to law enforcement officers that he had used morphine three days prior to that date, that being June 6, 2010. Defendant further admitted he did not have a valid prescription for this drug. Defendant stated to law enforcement officials at that time he had purchased morphine from an individual on June 6, 2010.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to

3

believe the defendant committed a federal and state crime while on release. Defendant possessed morphine so he could consume that substance. The possession violated both federal and state law. The use of morphine without a prescription is at least a misdemeanor under federal law. 21 U.S.C. § 844 The possession of morphine without a prescription is either a misdemeanor or a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe defendant committed at least a state felony a rebuttable presumption arises pursuant to 18 U.S.C. § 3148 that n o condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence the defendant violated other conditions of release in that it he violated the condition that required he not commit any offense in violation of federal, state or local law while on release and he violated the condition that required him for use or possession of a narcotic drug unless prescribed by a licensed medical practitioner. The defendant further, as has been shown by clear and convincing evidence, violated the condition that required him to have no contact with anyone involved in unlawful use, possession or trafficking of drugs and further, he violated the condition that required he not have any positive test for a controlled substance for which he did not have a valid prescription.

Due to the findings made above and further considering the presumption that has been created and also the factors as set forth under 18 U.S.C. § 3142(g) it appears there are no conditions or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: June 11, 2010

_____
Dennis L. Howell
United States Magistrate Judge